UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJAH DABAJA,

    Plaintiff,

Case No. 14-13222

Honorable Nancy G. Edmunds

v.

STATE FARM FIRE AND CASUALTY CO.,

    Defendant.
                                   /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [22] AND DENYING DEFENDANT'S COUNTER MOTION FOR SUMMARY JUDGMENT [26]**

This matter comes before the Court on Plaintiff's motion for summary judgment (docket no. 22) and Defendant's counter motion for summary judgment (dkt. no. 26). The Court held a hearing on these matters on February 17, 2016. At the hearing, the parties represented to the Court that they had agreed to a stipulation narrowing the issues before the Court and they presented the stipulation to the Court as an exhibit. The stipulation satisfies the actual cash value (ACV) portion of the pending claims before the Court, including a compromise as to the recovery of 12 percent penalty interest and prejudgment interest related to the same. The remaining issues before the Court are whether Plaintiff is entitled to replacement cost value (RCV) and, if so, whether she is entitled to interest on RCV. For the reasons stated below, the Court DENIES the parties' motions for summary judgment.

**I.**    **Facts**

This case arises from a dispute over insurance coverage for a fire at Plaintiff's

property. The fire occurred at 7527 W. Morrow Circle, in Dearborn, Michigan (the "Property"), on or about August 27, 2012, damaging Plaintiff's dwelling and personal property within the dwelling. (Compl. ¶ 7.) Plaintiff's interest in the Property was insured under a homeowners policy provided by Defendant State Farm Fire and Casualty Company. (Def.'s Mot. Summary J. 1.)

Plaintiff filed suit in state court on August 5, 2014, and the case was removed to this Court on August 20, 2014. (Dkt. 1.) Plaintiff filed a motion for partial summary judgment on October 16, 2014, and Defendant filed a motion for partial summary judgment on November 25, 2014. (Dkt. nos. 5, 13.) The Court held a hearing on January 14, 2015. On January 26, 2015, the Court entered an order regarding the motions for summary judgment (dkt. no. 18) which granted in part and denied in part Plaintiff's motion for summary judgment and granted in part Defendant's motion for partial summary judgment. (Dkt. no. 18.) The January 26, 2015 order regarding motions for summary judgment provided:

> Plaintiff's claims for additional personal property losses and her claims for code upgrades relating to the footings and foundation walls of the insured dwelling are time-barred [granting Defendant's motion for summary judgment "as to these claims, only"].
>
> . . . Plaintiff's remaining claims for damages sustained to the dwelling insured under the policy are to be submitted for appraisal in accordance with the provisions of the policy and MCL 500.2833 [granting in part and denying in part "Plaintiff's motion for summary judgment to enforce the appraisal provisions of the policy"].
>
> . . . Any item or category of damage to be considered by the appraisal panel for which coverage is disputed by either party shall be separately itemized by the appraisal panel in the appraisal award.
>
> . . . State Farm shall forthwith nominate its appraiser and that, if the appraisers are unable to agree upon an umpire, the Court will appoint an umpire to complete the appraisal panel upon a motion by either party on or after ten (10) days from the date of this Order.

(Dkt. no. 18.) On February 27, 2015, the Court entered a stipulation and order clarifying the following: "[t]he appraisal award shall determine both the actual cash value and the replacement costs for the dwelling (excluding the cost for the foundation)." (Dkt. no. 20.)

Plaintiff's position is that "the recoverability of the Replacement cost has already been determined by the Court," and this position informs the remainder of Plaintiff's arguments. (Pl.'s Br. In Response, dkt. 29.) Plaintiff claims that damages sustained to the dwelling were submitted to appraisal, which resulted in Plaintiff being unanimously awarded replacement costs of $308,914.85. (Pl.'s Mot. Summary J. Ex. B.) The appraisal award dated October 14, 2015, separately itemized ACV loss and RCV loss: the appraisers awarded an RCV of $308,914.85 and an ACV of $251,306.95. (Pl.'s Mot. Summary J. Ex. B.)

Plaintiff argues that pursuant to the Policy, Defendant agreed to pay the award within 30 days and has not yet paid. Plaintiff argues that during reconstruction of the structure, Defendant paid Plaintiff $167,824.64, leaving a balance on replacement costs of $141,090.21. (Pl.'s Mot. Summary J. 3.) Defendant argues that on November 16, 2015, it tendered a check for the remaining balance of the ACV portion of the appraisal award, the amount of $83,482.41. (Def.'s Mot. Summary J. Ex. A.) As set forth above, the issues related to the remaining ACV portion of the appraisal award were resolved prior to hearing.

Plaintiff argues that she is entitled to a judgment for the replacement cost granted in the award, a judgment for penalty interest, a judgment for pre-judgment interest, and a judgment for statutory costs. In its counter motion for summary judgment, Defendant argues that Plaintiff's claims for replacement costs are barred by her failure to repair or replace the dwelling within the time period set forth in the Policy. (Dkt. no. 26) Defendant argues that the appraisal does not resolve coverage disputes, and the issue of whether

3

Plaintiff is entitled to replacement costs is a coverage dispute.

## II. ANALYSIS

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

### B. Defendant's Motion For Summary Judgment: Whether Plaintiff's Replacement Cost Claim Is Barred by Failure to Comply With Time Limitations In The Policy

Defendant's counter motion for summary judgment asks the Court to dismiss Plaintiff's claims for replacement cost benefits with prejudice. Neither of the Court's prior orders resolved the issue of whether Plaintiff was entitled to RCV. (Dkt. nos. 18, 20.) Despite Plaintiff's argument that the replacement cost issue has been resolved in her favor, by the Court and/or the appraisal process, the Court agrees with Defendant that the appraisal process does not resolve issues of coverage, which are for the Court to determine. *See Auto-Owners Ins. Co. v. Kwaiser*, 476 N.W. 2d 467, 487 (Mich. App. 1991) ("We conclude that the issue of coverage is for the court, not the appraisers. The appraisal process cannot legally settle coverage issues, . . . .").

Defendant argues that under the policy provisions, Plaintiff was required to complete her repairs to the dwelling no later than August 27, 2014, and notify State Farm of same within 30 days of that date, or no later than September 26, 2014. The Policy provides that

4

"to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; . . . " (Policy § I- A1 Replacement Cost Loss Settlement – Similar Construction (1)(a)(3), dkt. no. 13-2.) Defendant alleges that it did not receive Plaintiff's notice until more than two months after the expiration of this time limitation. (Def.'s Mot. Summary J. 6.)

Michigan law specifically recognizes an insurer's right to require proof that the damaged property is "actually repaired, rebuilt, or replaced" before paying replacement cost benefits. *See* Mich. Comp. Laws. § 500.2826; *see also Smith v. Michigan Basic Prop. Ins. Ass'n*, 490 N.W.2d 864, 867 (Mich. 1992) ("We agree with Michigan Basic that it is not liable for the difference between the . . . actual cash value of the home and the . . . replacement cost policy limit unless the home is actually repaired, rebuilt, or replaced . . . .").

Defendant relies on several Michigan cases that upheld notice provisions and requirements in insurance policies. *See e.g.*, *Gambino v. Northern Ins. Co.*, 209 N.W. 119 (Mich. App. 1926); *Wendel v. Swanberg*, 185 N.W.2d 348 (Mich. 1971). Defendant also relies on two federal district court cases, neither from this Circuit, wherein the Court concluded that the failure to provide notice of completion of repairs within 30 days barred the replacement cost claim. *See Harrison v. State Farm Fire and Cas. Co.*, 2015 WL 4208749 (W.D. Okla. July 10, 2015) (the plaintiff did not provide evidence that shows that she satisfied the 30-day notice requirement and failed to establish a genuine dispute on this issue); *Martinez v. State Farm Lloyds*, 2015 WL 7571840 (S.D. Texas Nov. 24, 2015) ("the policy does provide that to receive any additional payments, Plaintiffs must complete the

repair or replacement *and* notify State Farm within 30 days after the work has been completed" and the Court noted that business records established that the majority of work had been completed in June 2012 and further evidence established that the defendant "received no further notice from Plaintiffs until 2 years later when suit was filed in June 2014").

In the instant case there is no genuine dispute that Plaintiff completed the repairs and gave notice outside the time allowed under the Policy. The parties agree that Plaintiff's repairs were completed more than two years from the date of the fire, yet by little more than two months.[1] (Pl.'s Reply 2, dkt. no. 28 "Plaintiff has taken only a few months more than the two years for completion . . . . repairs completed 12/03/14".)

In her response and the reply to her own motion for summary judgment, Plaintiff makes an equitable argument that the fault is Defendant's for causing the delay in completing the repairs. Plaintiff relies in part on *Pollock v. Fire Ins. Exchange*, 423 N.W.2d 234 (Mich. App. 1988), in which the court found that conduct by the defendant, namely a 25-month delay in paying under the insurance contract, made it impossible for the plaintiffs to fulfill the condition precedent necessary under the contract and excused "plaintiffs from performance of the replacement condition." *Id.* at 236.

Plaintiff alleges in her Reply that she submitted to Defendant the "'detailed estimates

---

[1] Defendant provides the affidavit of employee Melinda White, claim representative in the Large Loss Unit, who was in charge of adjusting Plaintiff's claims and who declares that she reviewed her log notes to refresh her recollection. On December 3, 2014 she received a letter from Plaintiff's attorney, including an invoice dated November 24, 2014, for the repairs to the insured premises. Ms. White declares that this was Defendant's first notice that the repairs had been completed and that Plaintiff sought any replacement cost claims for the dwelling. (Def.'s Mot. Summary J. Ex. H, dkt. no. 30.)

6

for report of the damage to the Structure on November 26, 2012." (Dkt. no. 15, Exs. 2, 3.) Plaintiff argues that "[a]t the earliest, it was April 8, 2013 – over 4 months after Plaintiff had provided its estimate – before Defendant wrote any response to Plaintiff's claims", and "it was another 6 months later, with its letter dated October 9, 2013, that it addressed in any detail the repairs being disputed." (Dkt. no. 15, Ex. 9.).

A review of the record shows that Plaintiff has raised a genuine dispute of material fact as to whether her delay in completion of the reconstruction was a result of Defendant's actions. For example, Marco Berard, consultant and large loss coordinator for MGM restoration, contracted with Plaintiff to replace her fire damaged home. Plaintiff's response to Defendant's prior motion for partial summary judgment, docket no. 15, included Mr. Berard's affidavit in which he stated that he had

> [P]rovided Defendant with estimate of repairs for the structure in November 2012 and it was not until April of 2013 that Defendant responded to the estimate and the issue was not addressed in depth again by the Defendant until October, 2013. It is the standard practice for the insurer's adjuster and the insured's representative to promptly meet and attempt to reach an agreement on the scope of repairs and the failure of the Defendant to do this delayed this project at least four and a half months.

(Berard Aff. 13/12/14, dkt. no. 15-11.)

Plaintiff alleges in its November 19, 2015 motion for summary judgment (dkt. no. 22) that "[d]uring construction of the structure, Defendant paid to Plaintiff $167,824.64, . . . ." Unlike the case(s) cited by Plaintiff, in this instance, Defendant has paid something during the repair process yet Plaintiff shows genuine questions of fact, including Mr. Berard's affidavit, as to whether Defendant delayed payment and whether that delay contributed to Plaintiff's delay in completing the restoration. For these reasons, the Court will deny Defendant's counter motion for summary judgment on the applicability of RCV.

7

### C. Plaintiff's Motion For Summary Judgment

Plaintiff's motion for summary judgment incorrectly presupposed that the issue of RCV had been resolved in her favor and she sought entry of a judgment for the RCV value, as well as penalty interest pursuant to Mich. Comp. Laws § 500.2006(4), pre-judgment interest, pursuant to Mich. Comp. Laws § 600.6013 and statutory costs. The issue of whether Plaintiff is entitled to RCV is not resolved and, in response to Defendant's motion, Plaintiff has shown a question of fact as to whether she is precluded from obtaining RCV. It is premature to consider Plaintiff's motion for summary judgment seeking entry of an RCV judgment, penalty interest, pre-judgment interest, and statutory costs related to RCV. Plaintiff's motion for summary judgment is denied.

### III. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion for summary judgment and DENIES Defendant's counter motion for summary judgment.

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 15, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 15, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager